UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 11-467-KKC

APPOLO FUELS, INC., PLAINTIFF,

V. <u>MEMORANDUM OPINION & ORDER</u>

CLAIBORNE HEAVY HAULING, LLC, et al. DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Before the court is a motion for partial summary judgment (R. 14) filed by Plaintiff Appolo Fuels Inc. on its breach of contract claim against defendant Claiborne Heaving Hauling, LLC for terminating mining operations prior to the expiration of the contract and failing to perform reclamation work as required by contract, state and federal law. Because genuine issues of material fact exist, the court will deny Plaintiff's motion for partial summary judgment.

## BACKGROUND

Plaintiff Appolo Fuels, Inc. is a Kentucky-based corporation. Defendant Claiborne Heavy Hauling, LLC is a limited liability Tennessee-based company also doing business under the name Claiborne Contractors, LLC. R.1 at 2. Todd Claiborne is the sole member of both Claiborne Heavy Hauling, LLC and Claiborne Contractors (hereinafter "Claiborne"). On July 24, 2009, the parties[1] entered into a three-year contract for Claiborne to mine coal owned by Plaintiff "by strip mining in the Jellico seam" on property located in Bell County, Kentucky. *See* R.1, Ex. 1. The contract included a Kentucky choice of law provision. Although the parties dispute the reasons for the termination of work, sometime around December 2009 or January 2010, Claiborne ceased mining operations. Thereafter, Kentucky officials directed Appolo to

---

[1] The Defendants' answer and counterclaim admits that Claiborne Heavy Hauling, LLC was doing business as Claiborne Contractors and operated under this name at the time the contract was formed. R. 7. In addition, the contract lists Claiborne Contractors as the entity bound under the terms of the contract. R. 1, Ex. 1.

1

perform reclamation work on the site and Appolo incurred costs for that work of $539,619.06. Because Appolo believed that Claiborne breached the contract, Appolo retained a payment of $33,442.84 owed to Claiborne under the contract. In October 2009, Todd Claiborne filed a cancellation of assumed name with the Tennessee Secretary of State for "Claiborne Contractors" and formed Claiborne Contractors, LLC listing himself as the sole member. In October 2010, he dissolved Claiborne Heavy Hauling, LLC.

Appolo brought suit in federal court against Claiborne in September 2011. Count 1 of the Complaint alleges breach of contract for the cessation of work prior to the expiration of the three year term and seeks damages for $538,619.06 arising from reclamation work, including legal costs and attorney's fees. Count II seeks to pierce the corporate veil to hold Todd Claiborne personally liable under either an alter ego theory or for acts he took as an agent in the pre-organization of Claiborne Contractors LLC. Claiborne Heavy Hauling, LLC, Claiborne Contractors LLC, and Todd Claiborne collectively filed a counterclaim seeking in excess of $30,000 reflecting the amount withheld by Appolo for work performed under the contract.

## STANDARD

On a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party moving for summary judgment has the burden of demonstrating the absence of a genuine dispute as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once that burden has been met, the burden shifts to the nonmoving party to show otherwise.

## DISCUSSION

Appolo seeks partial summary judgment on its breach of contract claim because Claiborne failed to perform reclamation work as required by the contract. Article Eleven of the Contract pertaining to reclamation work provides that "Contractor shall be solely responsible, as its mining progresses, for any necessary reclamation and rehabilitation of all areas disturbed by Contractor, including without limitations, any necessary draining, grading, seeding and spoil disposal." R.1, Ex.1 at 6. Neither party disputes that under the contract Claiborne had a duty to perform reclamation work and that in this case it did not substantially do so. However, the court finds that material issues of disputed facts exist regarding whether Claiborne was excused in failing to perform all of the required reclamation work. Thus, summary judgment is inappropriate in this case.

Claiborne offers three reasons for not completing the reclamation work. First, Claiborne states that it performed some reclamation work at the site but that a portion of the property collapsed, thus physically prohibiting any further mining or reclamation on the property. In support, defendants offer a sworn affidavit by Todd Claiborne, who admits to entering into the contract on behalf of Claiborne Contractors, stating "shortly after Christmas 2009 . . .a large portion of the mountainside where the mining was taking place caved in due to rain, snow, and the freeze/thaw cycle" making it impossible to finish the mining operations at the site. R. 22, Ex. 1 at 3. He further states that at the time of the cave-in "all engineers reviewing the incident indicated that the collapse had nothing to do with Claiborne Contractor's work or mining operations." *Id.* Appolo offers the affidavit of Salvador Gaudiano, treasurer of Appolo, who was also deposed on January 31, 2013. Guidano's deposition testimony also admits to a mining collapse and attributes the collapse to "Mother Nature." R. 38, Ex. 1 at 46.

3

Second, Claiborne states that government authorities prohibited further operations on the mining site. In his affidavit Claiborne avers that "after the cave-in, Mine Safety and Health Administration ("MSHA") prevented any further work, either in the form if [sic] mining or reclamation activities, from taking place on the site." R. 22, Ex.1 at 4-5. The record also reflects that Appolo's own employee has offered conflicting testimony regarding whether Claiborne was prohibited by officials from performing reclamation work. Gaudiano offers inconsistent statements in his deposition. Initially, while referring to MSHA he states that "they would not let him [Claiborne] go through that area." R. 38, Ex. 1 at 49. Then, later in his testimony, he indicates that Claiborne was unable to complete the reclamation because of lack of financial resources. *Id*. at 51. Thus, even Appolo's own treasurer offers two differing reasons for why Claiborne was unable to perform the reclamation work as required by the contract. Based on the testimony from Claiborne and Guadiano, at this point the court is left to speculate as to what reclamation work was actually done on the site, if so how much, and by whom.

Third, Claiborne argues that it was relieved from its duty to perform under the express terms of the original contract. Paragraph eleven regarding reclamation specifically states:

> "In the event Appolo fails to pay Contractor any amounts of money due under this Agreement, then all of Contractor's duties and liabilities under this article, including without limitation its duties of reclamation and indemnification, will immediately cease and abate, and shall only again resume upon payment in full by Appolo to Contractor." R.1, Ex.1 at 7.

In the instant case, Appolo admits that it has withheld a sum of $33,442.84 owed to Claiborne "in order to apply these funds to the substantial reclamation cost." R. 15 at 6. Under Kentucky law, in the absence of ambiguity a "written instrument strictly according to its terms and will assign those terms their ordinary meaning." *Frear v. PTA Indus., Inc*., 103 S.W.3d 99, 106 (Ky. 2003). Here, the above-cited contract clause supports Claiborne's argument that it was

4

justified in not performing reclamation work because Appolo had wrongfully withheld monies due under the contract. While it is unclear at this stage of litigation which party actually breached the contract first, it is clear that material issues of fact exist, rendering partial summary judgment inappropriate.

In summary, construing the facts in the light most favorable to Claiborne, material issues of fact exist that preclude summary judgment in Appolo's breach of contract claim.

The court notes that Claiborne asks for further discovery in this case, specifically indicating that documentation and support on the damages claim is deficient. The discovery deadline in this case is not until May 2014 with a trial date of July 15, 2014. There is ample time for the parties to continue to engage in discovery. The court will address any future discovery matters as they may arise.

Accordingly, **IT IS ORDERED** that the Plaintiff's motion for partial summary judgment (R. 14) is **DENIED**.

Dated this 30th day of May, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge