UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

Appolo Fuels, Inc.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　*Plaintiff*,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Claiborne Heavy Hauling,　　　　　　　)　　　No.:　3:11-CV-467-PLR-CCS
Claiborne Contractors, LLC, and　　　　)
Todd T. Claiborne,　　　　　　　　　　)
all d/b/a Claiborne Contractors　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　*Defendants.*　　　　　　　　)

### Memorandum Opinion and Order

In this breach-of-contract action, the plaintiff seeks, among other things, to pierce the corporate veil and recover from defendant Todd T. Claiborne personally. Presently before the Court is Mr. Claiborne's motion for summary judgment as to the personal liability claims. For the reasons that follow, Mr. Claiborne's motion will be denied.

### I. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).  Courts may not resolve genuine disputes of fact in favor of the movant.  *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations.  *Celotex*, 477 U.S. at 317.  To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law.  *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder.  *Id.* at 250.  The Court does not weigh the evidence or determine the truth of the matter.  *Id.* at 249.  Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact."  *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).  Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.

## II. Background

### A. Contract and Breach

Appolo, a Kentucky corporation, entered into a contract with "Claiborne Contractors" on July 24, 2009, under which "Claiborne Contractors" would perform coal mining on Appolo's land in Bell County, Kentucky. The contract also required Claiborne Contractors to "reclaim and restore all surface areas disturbed by [the] mining operations . . . ." Claiborne Contractors began work shortly after the contract was executed.

When the contract was executed, defendant "Claiborne Contractors, LLC" did not exist. The contract was simply signed "Claiborne Contractors." Claiborne Contractors, LLC was formed in Tennessee about three months after the parties entered into the contract, but was never authorized to do business in Kentucky, and never held a mining license to perform work under the contract. The other defendant entity, Claiborne Heavy Hauling, LLC, was already formed in the state of Tennessee at the time of the contract, but it was not authorized to do business in Kentucky. A month after execution, Claiborne Heavy Hauling, LLC registered with the Kentucky Secretary of State. It also registered an authorized assumed name "Claiborne Contractors."

In January 2010 Claiborne Contractors ceased mining operations for disputed reasons not at issue in the present motion. Kentucky officials then directed Appolo to perform reclamation work on the site for which and Appolo incurred costs in excess of $500,000. Because Appolo believed Claiborne Contractors breached the contract, Appolo retained payment of $33,442.84 owed to Claiborne Contractors under the contract.

Appolo brought suit in September 2011 alleging breach of contract for the cessation of work prior to expiration of the contract's term and seeking damages for the cost of the

3

reclamation work. Appolo's suit also seeks to pierce the corporate veil and hold Todd Claiborne personally liable.

### B. Claiborne's Business Model

Todd Claiborne is the sole member of defendants Claiborne Heavy Hauling, LLC and Claiborne Contractors, LLC. He is also the sole owner of Bulldog Leasing Company, Inc.; Claiborne Hauling Contractors, LLC; American Sand Company, LLC; TLC Truck Repair, LLC; Heavy Haul, LLC; Claiborne Hauling, LLC; and Tennessee Valley Aggregates. All of these entities share the same physical office location, which is owned solely by Todd Claiborne, and pay rent to Mr. Claiborne. There are no written lease agreements.

Apart from Bulldog Leasing, none of the Claiborne entities own equipment, and their holdings are limited to minimal checking accounts, savings accounts, and accounts receivable—at least some of which were commingled. The various Claiborne entities lease equipment owned by Bulldog Leasing under "oral understandings," and make contributions and "donations" to other entities when capital, assets, and equipment need to be moved around. Mr. Claiborne also frequently shifted employees from entity to entity or had employees of one entity do the work for which another entity was being paid. Between January 2009 and March 2010, defendant Claiborne Heavy Hauling, LLC paid a total of $1,211,039.54 to Mr. Claiborne's other entities. Between October 2009 and December 2010, defendant Claiborne Contractors, LLC paid a total of $255,438.93 to Mr. Claiborne's other entities. These payments were made without written agreements or attributions to any specific invoice or job. Despite moving this much money around, Claiborne Contractors, LLC had very little money in the bank—as little as $164 in March 2010.

4

Mr. Claiborne contributed very limited capital contributions to his entities. He believes he made a single $1,000 capital contribution to Claiborne Heavy Hauling, LLC, though he can point to no written record of this contribution and cannot recall making any other contribution. There is also no written record of Mr. Claiborne making a capital contribution to Claiborne Contractors, LLC. The only capital contribution Mr. Claiborne was able to identify was a $9,000 check written by Rolling Acres Farm (his farm) to Claiborne Contractors, LLC.

Finally, Mr. Claiborne's various entities have very little documentation. There is no signed operating agreement for Claiborne Heavy Hauling, LLC, nor was Mr. Claiborne able to produce minutes of annual meetings or any other corporate records. Similarly, Claiborne Contractors, LLC has no corporate records or documents apart from its single-page handwritten articles of incorporation. Between the various Claiborne entities, there are no written contracts, no written records of payment, and no written loan agreements

Appolo contends Bulldog Leasing is the only Claiborne entity with any exposure to liability—the remaining entities are judgment proof—and Bulldog Leasing is unreachable. Mr. Claiborne's business dealings are done through the other entities so that, when the entity runs into a problem, Bulldog Leasing can take its leased equipment back, and the entity's creditors are left without recourse.

### III. Discussion

Appolo seeks to hold Mr. Claiborne personally liable under the contract because Mr. Claiborne entered into the contract individually doing business as "Claiborne Contractors." Appolo contends, in the alternative, it is entitled to pierce the corporate veil because Claiborne Contractors, LLC and Claiborne Heavy Hauling, LLC were merely instrumentalities created by Mr. Claiborne to perpetrate a fraud and violate public policy.

5

### A. Pre-Incorporation Liability

Mr. Claiborne's motion to dismiss contends a promoter's personal liability on a pre-incorporation contract is determined by the intent of the parties at the time of the contract. [Docket No. 50, p. 12] (citing *Co. Stores Dev. Corp. v. Pottery Warehouse, Inc.*, 733 S.W. 2d 886, 888 (Tenn. Ct. App. 1987)).

Mr. Claiborne argues during the contract negotiations, "it was well-known to Appolo that [he] desired to create a new company to keep the contracted mining operations separate and distinct from the hauling operations undertaken by [Claiborne Heavy Hauling, LLC]." He argues he executed the contract as chief manager of Claiborne Heavy Hauling, LLC d/b/a Claiborne Contractors, intending for Claiborne Contractors, LLC to take over the project upon formation. "Appolo's knowledge of this fact is evidenced by the parties' negotiations, the names of the parties as written in the contract drafted by Appolo, and the change in payee on payments made by Appolo." Because the parties intended for Claiborne Heavy Hauling, LLC and the soon to be formed Claiborne Contractors, LLC to be the real parties to the agreement, Mr. Claiborne contends he should not be held personally liable under the contract as the principal of an unincorporated entity—Claiborne Contracting.

Assuming, for the sake of Mr. Claiborne's motion for summary judgment, that his legal argument is correct, he is still not entitled to summary judgment because these facts are disputed by Appolo and appear to be contradicted by Mr. Claiborne's own deposition testimony. At his deposition, Mr. Claiborne stated, "[w]e signed [the contract] as Claiborne Contractors. . . . To me it means that was our intent is that's what we were going to perform it under, and when we couldn't, we went to Claiborne Heavy Hauling." [Claiborne Dep. at 157-158] Moreover, contrary to Mr. Claiborne's argument that the names of the parties as written in the contract

6

evidences the parties' understanding that Claiborne Heavy Hauling, LLC would initiate the project, the only party names included in the contract are Appolo Fuels, Inc. and "Claiborne Contractors."

Because there is a material factual dispute as to the intent of the parties at the time of the contract—whether Appolo was contracting with an unincorporated entity or with Claiborne Heavy Hauling, LLC—Mr. Claiborne's motion for summary judgment will be denied with respect to this claim.

### B. Piercing the Veil

Veil piercing should only be done in "extreme circumstances to prevent the use of a corporate entity to defraud or perform illegal acts." *Pamperin v. Streamline Mfg., Inc.*, 276 S.W.3d 428, 437 (Tenn. Ct. App. 2008). Piercing the veil is "particularly within the province of the trial court," and circumstances under which a corporate entity may be disregarded depend on the particular circumstances of each case. *Id.* (citing *Electric Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985)). Both parties agree the factors set forth in *Federal Deposit Ins. Corp. v. Allen*, 584 F.Supp. 386, 397 (E.D. Tenn. 1984), govern whether the Court should permit piercing of the corporate or LLC veil:

1. whether there was a failure to collect paid in capital;
2. whether the corporation was grossly undercapitalized;
3. the nonissuance of stock certifications;
4. the sole ownership of stock by one individual;
5. the use of the same office or business location;
6. the employment of the same employees or attorneys;
7. the use of the corporation as an instrumentality or business conduit for an individual or another corporation;
8. the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another;
9. the use of the corporation as a subterfuge in illegal transactions;
10. the formation and use of the corporation to transfer to it the existing liability of another person or entity; and
11. the failure to maintain arm's length relationships among related entities.

No one factor is conclusive in determining whether to pierce the veil; instead courts consider a combination of the factors. *Pamperin*, 276 S.W.3d at 438. Even when the corporate formalities have been properly observed, a court may still disregard the corporate form upon a showing that "the corporate form of business organization has been used to achieve an inequitable result." *Id.*

Mr. Claiborne asserts, at most, two of the *Allen* factors apply to this case and neither supports piercing the veil. Moreover, Mr. Claiborne argues, even if more *Allen* factors pointed to piercing the veil, the fact that Mr. Claiborne did not abuse the corporate form to perpetrate a fraud or similar injustice bars veil piercing. Appolo, however, has presented sufficient evidence contradicting Mr. Claiborne's argument to survive summary judgment.

Todd Claiborne is the sole owner and shareholder of numerous Claiborne entities, including Claiborne Heavy Hauling, LLC; Claiborne Contractors, LLC; and Bulldog Leasing Company, Inc. The Claiborne entities collected nominal amount of paid-in capital, and appear to have been grossly undercapitalized. Mr. Claiborne did not issue stock certificates, and he failed to observe numerous corporate formalities relating to his various entities. There are no executed organization documents, minutes, or other corporate records for Claiborne Heavy Hauling, LLC aside from an unsigned operating agreement; and the only organizational or corporate document relating to Claiborne Contractors, LLC is a single page handwritten articles of incorporation filed three months after the contract was executed.

Claiborne Contractors, LLC, Claiborne Heavy Hauling, LLC, and almost all Mr. Claiborne's other entities operate out of one office and pay rent to Todd Claiborne despite there being no written lease agreements. Mr. Claiborne's entities consistently failed to maintain arm's length relationships. Employees of one entity often performed work for another entity. Mr.

Claiborne allegedly diverted assets between different entities to the detriment of creditors, and used the corporate form to insulate his assets and leave creditors without recourse.

Considering the *Allen* factors discussed above, Appolo has presented sufficient evidence for a fact finder to find Mr. Claiborne abused the corporate form to promote fraud or injustice. Accordingly, his motion for summary judgment on Appolo's corporate veil-piercing claim will be denied.

### IV. Conclusion

For these reasons, defendant Todd C. Claiborne's motion for summary judgment, [Docket No. 50], is **DENIED**.

**It is so ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**