UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| APOLLO FUELS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-cv-467-PLR-CCS |
| v. ) | |
| ) | |
| CLAIBORNE HEAVY HAULING, ) | |
| CLAIBORNE CONTRACTORS, LLC, and ) | |
| TODD T. CLAIBORNE, all d/b/a CLAIBORNE ) | |
| CONTRACTORS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order [Doc. 133] of the District Judge.

Now before the Court is the Plaintiff's Memorandum and Exhibits Evidencing Attorney's Fees and Expenses, Notice Pursuant to Rule 56(h), and Motion for Attorney's Fees Under Rule 54 [Doc. 132]. The Defendants filed a Response [Doc. 135], and the Plaintiff filed a Reply [Doc. 137]. The parties' filings are ripe for adjudication. For the reasons more fully stated below, the Court **RECOMMENDS** that the Plaintiff's fee request [Doc. 132] be **GRANTED.**

### I. BACKGROUND

The Plaintiff filed its Complaint [Doc. 1] on September 29, 2011, alleging a breach of contract to perform surface coal mining in Bell County, Kentucky. The case was tried before the District Judge on July 15, 2014, through July 18, 2014.

On September 2, 2015, the District Judge entered its Findings of Fact and Conclusions of Law. [Doc. 128]. In sum, the District Judge found that the Defendants breached the contract by failing to reclaim the land at the Jellico #2 site, and the District Judge awarded the Plaintiff

damages in the amount of $579,293.99, plus a reasonable amount of costs and attorney's fees. In addition, the District Judge found that Defendant Todd Claiborne was individually liable to the Plaintiff for the damages awarded.

Relevant to the instant action, the District Judge ordered the Plaintiff to file a memorandum and exhibits evidencing the amount of costs and attorney's fees incurred in this action.

## II. POSITIONS OF PARTIES

Consistent with the District Judge's Order [Doc. 128], the Plaintiff filed its Memorandum and Exhibits Evidencing Attorney's Fees and Expenses, Notice Pursuant to Rule 56(h), and Motion for Attorney's Fees Under Rule 54. The Plaintiff requests a total of $262,670.81, in costs and attorney's fees, calculated as follows:

1. Total Attorney's Fees: $244,933.25;

2. Total Expenses and Costs: $12,737.56;

3. Estimated Additional Fees to Review Defendants' Response: $5,000.00.

In support of its request, the Plaintiff argues that the contract at issue required an understanding and application of state and federal surface coal mining regulations, as well as other complex issues. The Plaintiff submits that the case resulted in a five-day bench trial, the use of six witnesses, and ninety-seven (97) trial exhibits. Moreover, the Plaintiff states that it successfully sought personal liability against Defendant Todd Claiborne based on a number of theories. In addition, the Plaintiff argues that the facts presented at trial were complex. The Plaintiff submits that the case was time-consuming and required "paper-heavy discovery." The Plaintiff states that the time to prepare for trial was also increased by the Defendants. Specifically, the Plaintiff argues that the Defendants changed their defense theory at trial and that

certain affidavits by the Defendants included false and misleading sworn statements. Finally, the Plaintiff concludes that it spent significant time on motion practice in order to reduce the costs and streamline the issues for trial and that the Defendants never made an attempt to settle.

In addition to its Motion and Memorandum, Plaintiff's lead counsel, Attorney Edward Shipe, filed a Declaration [Doc. 132-1], explaining his qualifications and his billing rate. The Plaintiff also filed an itemized summary of the work that was performed on this case.

The Defendants filed a Response [Doc. 135] arguing that an award of attorney's fees and costs to the Plaintiff, if any, should be limited to the fees and costs allowed in the contract between the parties. The Defendants assert that the contract does not allow for an award of attorney's fees. In the alternative, the Defendants submit that the contract states that the Defendants are only obligated to "indemnify and defend Apollo from any liability sought to be imposed or imposed by any governmental agency or any person." Because the present lawsuit does not fit that description, the Defendants argue, the Plaintiff's request should be denied.

Moreover, the Defendants argue that pursuant to Rule 56(h) of the Federal Rules of Civil Procedure, the Plaintiff's request for attorney's fees is untimely and should be rejected. The Defendants assert that the Plaintiff's request under Rule 56(h) was first made in a post-judgment pleading and that the Plaintiff should have made the request during the summary judgment process or at least during trial. The Defendants add that the Plaintiff has not met the elements of Rule 56(h). Finally, the Defendants submit that the Plaintiff's claim for attorney's fees should be denied because Rule 56(h) requires that the Plaintiff prove its attorney's fees at trial.

The Plaintiff filed a Reply [Doc. 137] asserting that the Court has already awarded attorney's fees incurred in this matter. The Plaintiff emphasizes that the Defendants do not contest the fees evidenced by the invoices, do not identify time entries that are excessive or

3

unnecessary, and do not point out any time entries that are inadequately documented. With respect to the Defendants' argument that the request for attorney's fees pursuant to Rule 56(h) is untimely, the Plaintiff replies that Defendant Todd Claiborne's bad faith affidavit only became clear at trial. Moreover, the Plaintiff submits that pursuant to Rule 56(h), it was required to give notice and opportunity for the Defendants to respond, and the Plaintiff did so by filing its Memorandum.

### III. ANALYSIS

For the reasons more fully explained below, the Court recommends that Plaintiff's request with regard to the amount of attorney's fees and expenses that Plaintiff be awarded be **GRANTED**.

The Defendants primarily argue that the contract does not provide for attorney's fees. This issue, however, is not before this Court as the District Judge already ruled as part of the Judgment that Plaintiff was entitled to attorney's fees. In the Facts and Conclusions of Law [Doc. 128], the District Judge concluded:

> Based on these findings and conclusions of law, the Court will enter judgment against the defendants, including Todd Claiborne, in favor of Apollo Fuels, Inc., in the amount of $579,293.99 *plus a reasonable amount for costs and attorney's fees incurred by the plaintiff, the amount of which will be determined by the Court in a separate order*. The plaintiff is ORDERED to file a memorandum and exhibits evidencing the amount of costs and attorneys' fees incurred in this action within 30 days of the entry of this order. The defendants shall have 14 days to respond to the plaintiffs' position. . . .

(Emphasis added). Moreover, the Judgment Order [Doc. 129] states that the Plaintiff is to recover from the Defendants "damages in the amount of $579,293.99 plus costs of this action and attorney fees, the amount to be determined by further order of the Court." Accordingly, the

4

District Judge has already ruled on the issue of whether the Plaintiff is entitled to attorney's fees and costs.

The question presently before this Court is what amount of attorney's fees and expenses should be awarded. This analysis includes a determination of whether the costs and attorney's fees claimed by the Plaintiff are reasonable. In support of its request, the Plaintiff filed 106 pages of invoices detailing the work performed in this case. The Defendants have not objected to the rate at which the Plaintiff's counsel billed, nor have the Defendants objected to the amount of time spent in this case. Although the Defendants have not specifically objected to the reasonableness of the Plaintiff's request, the Court has reviewed the billing entries and has considered the reasonableness of the fees and expenses requested.

The District Judge utilized Kentucky law, per the terms of the contract, in determining whether the Defendants breached the contract. The Court finds it appropriate and helpful to utilize Kentucky law in determining whether the requested fees are reasonable. Pursuant to Rule 1.5(a) of the Kentucky Rules of Professional Conduct, there are eight factors to be considered when determining the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitation imposed by the client or by the circumstances;

5

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Furthermore, in determining whether a fee is reasonable, Kentucky courts have examined other factors, including "the time involved, the task assigned, and the degree of difficulty of the work under the circumstances." Dingus v. FADA, 856 S.W.2d 45, 69 (Ky. Ct. App. 1993). Kentucky courts have also considered whether the fee reflects the "value of bona fide legal expenses incurred." See Capital Cadillac Olds, Inc. v. Roberts, 813 S.W.2d 287, 293 (Ky. 1991). The Court has considered all of these factors and finds that the Plaintiff's request for attorney's fees and expenses is reasonable.

With respect to the factors outlined in Rule 1.5 of the Kentucky Rules of Professional Conduct, the Court finds that the first factor weighs in favor of the Plaintiff's requested amount. While this case was a contract dispute, as acknowledged by the Plaintiff, it also involved coal mining regulations, which resulted in a four day bench trial,[1] with six witnesses, and ninety-seven (97) trial exhibits. Moreover, there was an issue as to whether Defendant Todd Claiborne could be held personally liable, and the Plaintiff was successful in arguing that Defendant Todd Claiborne was personally liable. Finally, the Court notes that the parties engaged in a healthy motion practice throughout this litigation, which lasted for approximately three years. Accordingly, the Court finds that the first factor supports the Plaintiff's requested amount.

With regard to the likelihood that the prosecution of this case would preclude other employment by the lawyer, the Court finds that this case may have excluded some other

---

[1] The Plaintiff's Motion states that the trial was five days. However, the Court's electronic filing system shows that the trial began on July 15, 2014, and concluded July 18, 2014. [Docs. 108, 109, 110, 111].

employment opportunities (i.e., those arising near the time of the trial in this case), but the Court finds that it would not have severely limited counsel's ability to accept other work. While the billing entries are numerous for the year 2014, they do not reflect 30 or 40 hours per week per attorney.

Next, the Court considers the fees customarily charged in Knoxville and the Eastern District of Tennessee for similar services. With respect to the fee billed, Attorney Shipe, lead counsel, originally billed $165 per hour, but later his billing increased to $250 per hour to reflect his elevation to a member of his law firm. See Doc. 132-1 at 1. Where a party moves the Court to award fees, $250 per hour has been found to be reasonable compensation.[2] Moreover, as noted above, the Defendants failed to argue otherwise.

With respect to the fourth factor, the amount involved and the results obtained, this factor also weighs in favor of the requested amount. At the trial in this case, the Plaintiff demonstrated that the cost of reclamation, including interest was $612,736.83. The Plaintiff stipulated that $33,442.84 should be credited against that amount. Thus, the District Judge awarded the Plaintiff $579,293.99. Moreover, the Plaintiff was also successful in arguing that Defendant Todd

---

[2] See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

Claiborne is personally liable. The Plaintiff achieved excellent results in its favor, and the attorney's fees should reflect the results achieved.

Neither party directed the Court to specific time limitations imposed by the client or the circumstances, and the Court finds that no unique time limitations were imposed by the client or the circumstances. This case did not involve injunctive relief or an urgency imposed by a finite time for disposition. With respect to the sixth factor, the Court also notes that is it is not aware of the nature of the professional relationship between the Plaintiff and its counsel.

The Court has considered the experience, reputation, and ability of the lawyer performing the services. As evidenced by Attorney Shipe's Affidavit, the Court finds that he possess impressive academic credentials and professional experience that justifies the amount of attorney's fees requested. Finally, with respect to the eighth factor, this Court is unaware if Attorney Shipe's fee was fixed or contingent.

Furthermore, the Court has reviewed other factors that Kentucky courts have considered when determining whether attorney's fees and costs are reasonable. See Dingus, 856 S.W.2d at 69 (considering the time involved, the task assigned, and the degree of difficulty of the work under the circumstances). As mentioned above, this case was litigated for approximately three years, and while not overly complex, the case involved an understanding of coal mining regulations. Moreover, the Court has reviewed counsel's billing entries and expenses in this matter, and the Court finds that the fee reflects the "value of bona fide legal expenses incurred." Capital Cadillac Olds, Inc., 813 S.W.2d at 293.

The Court finds that the above factors, coupled with the fact that the Defendants failed to object to the billing entries, the hourly rate, and the total amount sought, weigh in favor of

awarding the Plaintiff the total amount requested. Accordingly, the Court finds the Plaintiff's request, in the total amount of $262,670.81, to be reasonable.

**IV.    CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS**[3] that Plaintiff's Motion for Attorney's Fees Under Rule 54 [**Doc. 132**] be **GRANTED** and that the Plaintiff be awarded a total of $262,670.81 in attorney's fees, costs, and additional fees.

Respectfully Submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).