UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| APPOLO FUELS, INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-467-PLR-CCS |
| | ) | |
| CLAIBORNE HEAVY HAULING, | ) | |
| CLAIBORNE CONTRACTORS, LLC, | ) | |
| and TODD T. CLAIBORNE, all d/b/a | ) | |
| CLAIBORNE CONTRACTORS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Report and Recommendation filed by United States Magistrate Judge, C. Clifford Shirley, regarding Appolo Fuels' motion for attorney's fees. [R. 139].

Claiborne objected to the Magistrate Judge's findings in the R &R. [R. 140]. Claiborne argued that Appolo failed to meet its burden of proving that any of its claimed fees and costs were incurred due to "liability imposed or sought to be imposed" by third parties under the contract. Claiborne also stated that Appolo failed to meet its burden to prove its reasonable fees and costs pursuant to Federal Rule of Civil Procedure 56(h). Finally, Claiborne argued that Appolo cannot receive attorney's fees because it was required to offer proof regarding the amount of fees at trial.

Appolo responded in opposition. [R. 141]. Appolo stated that this Court must only review the R & R for "clear error" or "manifest injustice" under Federal Rule of Civil Procedure 54(b) because Claiborne did not object to the rate, amount, or reasonableness of the attorney's fees.

For the reasons below, the Court agrees with the Magistrate Judge's analysis, and Claiborne's objections will be **OVERRULED**. The Report and Recommendation will be **ACCEPTED IN WHOLE**, and the underlying motion for attorney's fees will be **GRANTED.**

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of portions of the magistrate judge's R & R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Only objections that are specific are entitled to *de novo* review. *Mira*, 806 F.2d at 637 ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *Howard v. Sec 'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that does nothing more than disagree with a magistrate judge's findings, "without explaining the source of the error," is not considered a valid objection. *Id.* In fact, "[a] district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.)*, 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007). "A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. *Id. (*citing *Thomas v. Arn*, 474 U.S. 140, 149–50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

Specific objections enable the Court to focus on the particular issues in contention.

*Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II. ANALYSIS

The Court is reluctant to even address Claiborne's objections because they merely restate prior arguments. *See Howard*, 932 F.2d at 509. Claiborne does not object to the magistrate judge's findings as to the amount of attorney fees or how the fees were computed; rather, Claiborne squanders judicial resources by disguising its objections as a motion to reconsider the Court's prior findings. For the following reasons, Claiborne objects that Appolo is not entitled to attorney fees: the contract does not allow for attorney fees, Appolo failed to comply with Federal Rule of Civil Procedure 56, and Appolo failed to offer proof of its claimed fees at trial. Those arguments, however, were already considered and denied by the Court. Claiborne's arguments are thus interred, and the Court sees no reason to exhume them now for reconsideration.

In a prior order, this Court ordered that "Appolo Fuels, Inc. recover from defendants Claiborne Heavy Hauling, LLC, Claiborne Contractors, LLC, and Toddy Claiborne damages in the amount of $579,293.99 plus costs of this action and attorney fees, the amount to be determined by further order of the Court." [R. 129]. The Court's previous order is the law of the case, and the ruling does not fall within any of the three exceptional circumstances.

The law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (citing *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004). The doctrine bars reconsideration of a previously-decided

3

issue unless one of the following "exceptional circumstances" exists: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* (citing *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)). Rather than argue that any of the exceptions apply to this case, Claiborne instead makes the same, previously-rejected arguments they made before. The Court rejected those arguments once and will do so again now. After careful review of its prior order, the Court finds nothing in the record to show that its decision in awarding attorney fees was somehow clearly erroneous. *See id.*

In light of the Court's prior ruling as well as the absence of any exceptional circumstances, the Court finds that the law-of-the-case doctrine applies. Accordingly, the Court's prior order governs, and Appolo is entitled to attorney fees. Seeing no other objections to the R & R, the Court will **ACCEPT** the magistrate's recommendation and will **REJECT** Claiborne's objections.

### III. CONCLUSION

After careful review, the Court is in complete agreement with Magistrate Judge Shirley's conclusion that Appolo Fuels' motion for attorney's fees [R. 132] should be **GRANTED**. The Court thus **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Claiborne's objections [R. 140] are **OVERRULED**. It is **ORDERED,** for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into its ruling, that Appolo Fuels' motion for attorney's fees [R. 132] is **GRANTED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**